UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMOND SMITH,

      Petitioner,

                                Case No. 4:21-cv-10422

v.                                 Hon. Matthew F. Leitman

JONATHAN HEMINGWAY,

      Respondent.

_____/

## OPINION AND ORDER DENYING PETITION
## FOR A WRIT OF HABEAS CORPUS (ECF No. 1)

On February 22, 2021, Demond Smith filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. (*See* ECF No. 1.)  For the reasons discussed below, Smith's petition is **DENIED**.

## I

On February 14, 2021, Smith was indicted on (1) conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846; (2) distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1); and (3) felon in possession of a firearm; Armed Career Criminal, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (the "Felon in Possession" count). (*United States v. Smith*, E.D. Mich. No. 12-20103 (hereinafter, "*Smith*"), Indictment, ECF No. 16, PageID.23-24.)  As to the Felon in Possession count, the Indictment alleged, in its entirety, that:

On or about December 1, 2011, in the Eastern District of Michigan, Southern Division, the defendant, DEMOND DESHON SMITH, after having previously been convicted of at least three serious drug offenses, committed on occasions different from one another:

> 1. Possession with intent to deliver cocaine, convicted on or about July 22,1991;
>
> 2. Delivery of cocaine, convicted on or about September 10, 1997;
>
> 3. Delivery/manufacture of controlled substance, convicted on or about December 22, 2005.

did knowingly and unlawfully possess a firearm (to wit: one (1) Hi-Point, .45 caliber black semiautomatic handgun, serial number X4163501) which was manufactured outside of the State of Michigan and thus traveled in interstate or foreign commerce, in violation of 18 U.S.C. §922(g)(l).

(*Id.*, PageID.24.)

On October 18, 2012, Smith entered into a Rule 11 Plea Agreement (the "Plea Agreement") in which he pleaded guilty to the Felon in Possession count. (*See Smith, Rule 11 Plea Agreement, ECF No. 35.*)  The Plea Agreement laid out the elements of the Felon in Possession count as follows:

> The elements of Count Three (felon in possession of a firearm) are:
>
> 1. The Defendant previously had been convicted of a crime punishable by imprisonment for more than one year;
>
> 2. The Defendant knowingly and intentionally possessed a firearm; and

2

3. The firearm had previously traveled in interstate or foreign commerce.

(*Id.*, PageID.69.)  It laid out the factual basis for the Plea Agreement as follows:

> The following facts are a sufficient and accurate basis for defendant's guilty plea:
>
> On December 1, 2011, in Jackson, Michigan, Demond Deshon Smith knowingly and intentionally possessed a firearm. The firearm was loaded, and Jackson County Sheriffs deputies recovered the gun under the driver's seat of a vehicle driven by Smith. The firearm is further described as a Hi-Point .45 caliber semi-automatic handgun, bearing serial number X4163501.
>
> In 1991 and 1997, Smith was convicted of delivery of cocaine in violation of Mich. Comp. Laws 333.7401(2)(A)(iv). In 2006, Smith was convicted of delivery/manufacture of cocaine, in violation of Mich. Comp. Laws 333.7401(2)(A)(iii).

(*Id.*, PageID.70.)

On April 12, 2013, the court sentenced Smith to 144 months. (*See Smith*, Judgment, ECF No. 50.)  Smith thereafter filed a motion to vacate his sentence under 28 U.S.C. 2255, on the grounds that, among other things, his trial counsel was ineffective. (*See Smith*, Mot., ECF No. 69.)  Another Judge of this court denied the motion (*see Smith*, Order, ECF No. 84), and declined to issue a certificate of appealability (*see Smith*, Order, ECF No. 92).  The Sixth Circuit thereafter declined to issue a certificate of appealability as well. (See *Smith*, Sixth Cir. Order, ECF No. 94.)  Smith is serving his sentence at FCI Milan.

3

On February 22, 2021, Smith filed the instant Petition under 28 U.S.C. § 2241. (Pet., ECF No. 1.)  He moved to amend/supplement the Petition on May 3, 2021. (*See* Mot., ECF No. 6.)  In the Petition and the motion, Smith contends that "he is now actually innocent of [his Felon in Possession conviction] pursuant to the Supreme Court[']s decision in" *Rehaif v. United States*, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019). (Pet., ECF No. 1, PageID.7.)  In *Rehaif* – which was decided several years after Smith's indictment, plea, and conviction – the United States Supreme Court held that "[i]n a prosecution [for Felon in Possession], the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm," *e.g.*, that the defendant knew he was a felon. *Rehaif*, 139 S. Ct. at 2191.  Smith contends that his sentence is unconstitutional because, contrary to *Rehaif*, his Indictment and Plea Agreement did not include the element that he knew he was a felon. (*See* Pet., ECF No. 1; Mot., ECF No. 6.)  Respondent filed a response in opposition on June 7, 2021. (*See* Resp., ECF No. 8.)  Smith filed a reply on July 16, 2021. (*See* Reply, ECF No. 9.)

## II

Smith's request for relief under § 2241 – which follows his earlier unsuccessful request for relief under § 2255 – is governed by the following standard:

> When a federal prisoner collaterally attacks the validity of his sentence, rather than the conditions of his confinement,

he must ordinarily proceed under § 2255, not § 2241. However, "on a successive challenge to a *conviction,* a petitioner may test the legality of his detention under § 2241 through the § 2255(e) savings clause by showing that he is 'actually innocent.'" [*Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016)] (quoting *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012)). Where a petitioner asserts factual innocence based on a change in law, he may show that § 2255 provides an "inadequate or ineffective" remedy by proving "(1) 'the existence of a new interpretation of statutory law,' (2) 'issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions,' (3) that is retroactive, and (4) applies to the petition's merits such that it is 'more likely than not that no reasonable juror would have convicted' the petitioner." *Id.* at 594–95 (quoting *Wooten*, 677 F.3d at 307–08).

*McCormick v. Butler*, 977 F.3d 521, 524–25 (6th Cir. 2020).

The Court concludes Smith's petition must be denied because he has not established the fourth required element for a claim of factual innocence based upon a change in the law.[1]  More specifically, he has not shown that "it is more likely than not that no reasonable juror would have convicted" him of Felon in Possession if the *Rehaif* rule had been in effect at the time he was indicted and when he pleaded guilty. *See id.*  Indeed, Smith does not even allege that he did not know that he was a felon at the time of his offense.  Nor has he presented any evidence that when he pleaded

---

[1] Because the Court concludes Smith has failed to establish the fourth required element for relief identified in *McCormick, supra*, there is no need to decide whether he has met the other three requirements.

guilty, he was unaware that he had previously been convicted of a crime punishable by more than one year in prison.

Moreover, as Respondent notes, there is ample evidence that Smith did know he had previously been convicted of such an offense.  Smith acknowledged in the Plea Agreement that he had previously been convicted of multiple felonies. (*See* Resp., ECF No. 8, PageID.46-47; *see also Smith*, Rule 11 Plea Agreement, ECF No. 35, PageID.70.)  More importantly, before entering his plea, he had actually served multiple prison sentences exceeding one-year for his prior convictions. (*See* Resp., ECF No. 8, PageID.46-47.)  On this record, there is thus "no reason to think that the government would have had any difficulty at all in offering overwhelming proof that [Smith] knew that he was a felon." *United States v. Ward*, 957 F.3d 691, 695 (6th Cir. 2020) (quotation omitted) (holding that the fact that defendant had two prior felony convictions and had served a total of over six years in prison is clear evidence that defendant knew he was a felon and therefore was not prejudiced by failure to provide a knowledge-of-status jury instruction pursuant to *Rehaif*); *see also United States v. Hobbs*, 953 F.3d 853, 858 (6th Cir. 2020) ("No reasonable juror could have believed" defendant was unaware of felony status where he served six years' incarceration on prior conviction); *United States v. Lee*, 834 Fed. Appx. 160, 167-68 (6th Cir. 2020) (same).  Therefore, Smith is not entitled to relief under § 2241.

### III

For the foregoing reasons, the Court **DENIES** Smith's petition for writ of habeas corpus (ECF No. 1).  Finally, Smith is not required to apply for a certificate of appealability if he attempts to appeal this decision because "the statutory language imposing the certificate-of-appealability requirement clearly does not extend to cases where . . . detention arose out of federal process but the proceeding is not under § 2255." *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 14, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 14, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764